IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID RIVERA,                        :          NO. 2:08-cv-00557
          Petitioner            :
                           :
     VS.                          :
                           :
TROY LEVI, e                         :
          Respondent            :

## REPORT AND RECOMMENDATION

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**                    **August 22, 2008**

      This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, by an individual who at the time of filing was incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania, while awaiting extradition to Florida.  For the reasons that follow, I recommend that the petition be denied.

## FACTS AND PROCEDURAL HISTORY:

      Petitioner, David Rivera, was arrested on June 3, 2003 in Northumberland County, Pennsylvania on charges of theft.  While he was being held on the theft charges, on June 4, 2003, Orange County, Florida lodged detainers against petitioner.

      On January 5, 2004 Rivera entered a guilty plea to the Northumberland County charges.  He was sentenced on May 24, 2004 to a term of one to three years.  While awaiting his sentencing, he filed a writ of habeas corpus requesting that the Pennsylvania court dismiss the Florida charges with prejudice.  On February 2, 2005, the trial court granted Rivera's writ of habeas corpus and dismissed the Florida detainers because Florida did not commence extradition proceedings in a timely manner.

Rivera appealed arguing that the Pennsylvania court should not only have dismissed the detainers, but also should have dismissed Florida's charges because his right to a speedy trial had been violated.   On January 20, 2006, the Pennsylvania Superior Court affirmed, finding that the Pennsylvania courts do not have jurisdiction to dismiss criminal charges filed in the state of Florida. (Pet'r's Exhibit E).

On May 18, 2005, Florida lodged new detainers under the Interstate Agreement on Detainers (IAD), 42 Pa.C.S.A. §§ 0101-9108.   Florida did not make a formal request for custody and Rivera did not demand a final disposition on the detainers.

Rivera completed his maximum term of his Northumberland County sentence on June 4, 2006, but was not released from prison.   On June 5, 2006, without having been released from custody, Rivera was rearrested under the Uniform Criminal Extradition Act, 42 Pa.C.S.A. §§ 9121-9148 ("UCEA") and taken to the Montgomery County jail.   Rivera filed a petition for writ of habeas corpus on August 1, 2006.   On August 11, 2006, the Montgomery County Court of Common Pleas granted the writ and dismissed the Florida detainers.   In the interim, on July 31, 2006, a Governor's Warrant was signed and it was served on August 2, 2006.   Despite the court order granting the writ, the local prosecutor directed the prison not to release Rivera because of the warrant.

On August 29, 2006, Rivera filed another petition for habeas corpus.   His counsel argued that he should have been released after the Florida detainers were dismissed and the Commonwealth argued that the re-arrest was proper because the Governor's Warrant remained valid.   The court granted the writ and dismissed and vacated the Governor's Warrant.   The Commonwealth did not appeal.

The Montgomery County Correctional Facility received release papers for Rivera and

2

completed the discharge process on September 20, 2006. After he was released from custody, he was re-arrested by a Montgomery County detective. On October 12, 2006, a new Governor's Warrant was issued. Rivera filed another petition for writ of habeas corpus on October 12, 2006. Following a hearing held on October 20, 2006, the court denied Rivera's petition and approved extradition, but stayed the extradition order pending appeal.

In March 2007 Rivera filed a Section 1983 action in the Eastern District of Pennsylvania (Civ. A. No. 07-1116). He brought the action against the Warden of the Montgomery County Correctional Facility and Florida officials seeking damages for his allegedly illegal detentions. On January 10, 2008, the Honorable Anita B. Brody granted motions dismissing the Complaint. Rivera filed an appeal, which remains pending in the United States Court of Appeals for the Third Circuit.

On January 7, 2008, the Pennsylvania Superior Court affirmed the order for extradition pursuant to the UCEA. The court provided that Rivera was not entitled to relief based on the procedural defects of the earlier Florida detainers and the Governor's Warrant. The court held that under the UCEA, the Commonwealth could re-arrest Rivera under the valid Governor's warrant issued October 12, 2006.

On January 28, 2008, deputies of the U.S. Marshals Service took custody of Rivera pursuant to the Pennsylvania Superior Court's Order affirming the extradition order. He was transferred from the Montgomery County prison to the Federal Detention Center at 700 Arch Street, Philadelphia Pennsylvania, from where he would be transported to Florida.

While he was at the FDC in Philadelphia, on February 4, 2008, Rivera filed the instant pro se petition for writ of habeas corpus. On or about February 21, 2008, the petition was referred to the undersigned for a Report and Recommendation. According to Respondent, subsequent to his filing

of the petition, Rivera was transported to the Orange County jail in Florida, where he arrived on or about February 26, 2008.

**<u>DISCUSSION:</u>**

Respondent argues that the petition should be dismissed because Rivera has failed to exhaust his claims challenging his Florida charges and that his claims lack merit and/or are moot. Upon review of the petition, we agree and find that the petition must be denied.

Rivera lists 26 claims for relief, lettered (a) through (z). (Petition at pp. 10-13). Respondent groups Rivera's claims into three categories: (1) involving arguments that the manner of his arrest was unlawful and violated several of his legal rights; (2) challenging the propriety of the Florida charges and the conduct of Florida state officials and courts; and (3) claims which are now moot. (Respondent's Response at p. 7). We agree that each of Rivera's claims relates to either the actions or inactions of Florida state actors or his detention in connection with extradition.

This court is not in a position to examine the charges brought against Rivera by Florida. In extradition cases, inquiry into the charges brought against the petitioner is to be left to the demanding state. See <u>United States v. Smith</u>, 413 F. Supp. at 752-753 (citing <u>Sweeney v. Woodall</u>, 344 U.S. 86, 73 S. Ct. 139 (1952)) (Implicit in th[e] notion of limited inquiry by asylum state courts in extradition proceedings is the now axiomatic rule that state and federal courts and executive officers in the asylum state are not otherwise to concern themselves with the legality of the criminal prosecution pending against the fugitive in the demanding state"). Furthermore, to the extent Rivera is challenging his Florida charges or the actions of the Florida officials, a federal court in Pennsylvania is not the proper forum and the claims are not exhausted. At the time of filing, Rivera was in federal custody pursuant to the Florida detainers and the Governor's warrant, not based on

4

a Pennsylvania state conviction or even a Florida conviction.  Furthermore, before the federal court may grant a state court petitioner habeas relief, the petitioner must exhaust his state court remedies. Lambert v. Blackwell, 387 F.3d 210, 231 (3d Cir. 2004).  The exhaustion requirement is satisfied when a petition fairly presents a claim's "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted."  McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999).   Rivera has not yet been convicted of any crime in Florida and has not challenged the validity of the charges or his arrest in Florida state courts.  As to Rivera's claims regarding access to the courts, as Respondent indicates, now that Rivera has been transferred to Florida, he has better access to the Florida state courts, making the claims moot.  Any claim other than a challenge to his federal custody pursuant to the extradition order is at this time unexhausted and not appropriate to be considered in this petition.  The proper forum for challenges to the manner of his arrest and the underlying Florida charges is not this court, but is the Florida state courts.

While his claims related to his federal custody and to his extradition are proper for this petition, they are now moot.  In addition to the writ of habeas corpus, Rivera also filed a motion seeking a temporary and permanent injunction preventing him from being transported.  As he has already been transferred to Florida, this request, as well as his claims regarding his federal custody and extradition are now moot.  Furthermore, the validity of the extradition order and his various periods of custody was the subject of an action brought in this court pursuant to 42 U.S.C. Section 1983, which is now pending in the Third Circuit Court of Appeals.  In that action Judge Brody already determined that Rivera's detention based on a Commitment Order filed in Montgomery County on June 2, 2006 (first detention) and his detention beginning July 31, 2006, based on the Governor's Warrant (second detention) were legal.  Prior to Judge Brody's Order, while the Section

1983 action was pending, Rivera's state habeas petition was granted finding the Governor's Warrant invalid. He was released and then, based on a new Governor's Warrant issued on October 12, 2006, was rearrested (third detention)[1]. On January 7, 2008, the Pennsylvania Superior Court affirmed the state court's finding that under the UCEA Rivera could be rearrested based on this valid warrant. Therefore, any defects that may have affected the Governor's warrant were cured by the issuance of the valid October 12, 2006 warrant. The final "detention" discussed by Rivera is his transfer to federal custody, which was for the sole purpose of awaiting extradition (fourth detention).

Even if Rivera was still in federal custody, this Court would not have recommended that the requested relief be granted. Rivera was in federal custody pursuant to the Florida arrest warrants and the Pennsylvania extradition order. The Pennsylvania Superior Court determined that Rivera's arrest and extradition pursuant to the Florida detainers were lawful under the UCEA. A federal court's role in an extradition case is very limited. "Once the Governor has granted extradition, a court considering release on habeas corpus can do no more than decide: (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition ; and (d) whether the petitioner is a fugitive." Michigan v. Doran, 439 U.S. 282, 289, 99 S. Ct. 530, 535 (1978). These factors have been described as "historic facts readily verifiable". See McBride v. Soos, 512 F. Supp 1207, 1216 (N.D. Ind. 1981). As Respondent notes, Rivera does not dispute these factors. Judge Brody also found that the extradition package Governor Rendell received from

---

[1]Rivera has his periods of detention broken into five different periods of "illegal" detention. However, we have addressed the periods of detention consistent with the Order issued by Judge Brody, which deals with two periods of detention, which were the subject of Counts I and II in his Section 1983 action, and then the two to follow, which results in four separate periods of detention.

Governor Jeb Bush of Florida contained all of the requisite information.   Accordingly, even if Rivera remained in federal custody, this Court would not have recommended that the requested relief be granted.

   Furthermore, at least some of the issues regarding the legality of his detention prior to extradition remain pending on appeal in the Third Circuit.  Now that Rivera has been extradited, even if any of his Constitutional rights were violated during the process prior to his extradition, such allegations may not be considered in a writ of habeas corpus.   Rather, these claims may be appropriate in a Section 1983 action.  See Crenshaw v. Checchia, 668 F.Supp. 443, 444 (E.D. Pa. 1987) (holding that allegations that state and/or federal extradition statutes have been violated may state a claim under 42 U.S.C.A. § 1983).

   Therefore, I make the following:

### R E C O M M E N D A T I O N

   AND NOW, this 22nd of August, 2008, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED.  There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

   Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days to serve and file written objections to this Report and Recommendation.

   /s/ Jacob P. Hart

   _____

   JACOB P. HART
   UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID RIVERA,                          :          NO. 2:08-cv-00557
                    Petitioner          :
                                        :
          VS.                           :
                                        :
TROY LEVI, et al.                       :
                    Respondent          :


**O R D E R**

JAN E. DU BOIS, J.


AND NOW, this                day of                          , 2008, upon careful and
independent consideration of the petition for writ of habeas corpus, and after review of the Report
and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of habeas corpus is DENIED.

3. There is <u>no</u> basis for the issuance of a certificate of appealability.


BY THE COURT:


_____

JAN E. DU BOIS, J.